L. C. BARTLETT AND OTHERS v. C. M. WINKLER.

A return of citation "executed, Feb., 1st, 1854, by a certified of this writ and copy of petition," held to be good, on error from a judgment by default.

Error from Navarro. The citation against Bartlett was returned: "Received 18th January, 1854, and executed, Feb. 1st, 1854, by a certified of this writ and copy of petition, Nat. Henderson, Shff. N. C. by Geo. L. Williams Deputy." Judgment by default.

*R. A. Reeves,* for plaintiffs in error.

*Jennings & Moore,* for defendant in error.

LIPSCOMB, J. The only error assigned in this case, worthy of notice, is the defective service of the process, upon Bartlett. He was sued with Tate and Thompson. It is admitted that the two latter were regularly served with process; the citation that was issued out against Bartlett, described the suit he was called upon to answer, as a suit against him, Tate and Thompson, and the Sheriff's return on the citation, is as follows: " *Executed Feb. 1st,* 1854, *by a certified of this writ and copy of petition,*" Nat. Henderson by Geo. L. Williams, Deputy, instead of executed by delivering the defendant a copy of this writ and petition. If the Sheriff had made his return executed by a copy of this writ and petition, omitting only " *serving the defendant,*" it would hardly be contended that the service was not substantially correct, and we believe that the entry, as it is, must be regarded as a service of a copy of the writ and petition. There is nothing in the return repugnant to this

conclusion.   It is not·like the case of Roberts v. Stockslager, 4 Tex. R. 307, in which the return showed conclusively, that the service had been by leaving a copy some where, not stating where, but if it had been at the house of the defendant, it would have been bad, as the law required personal service by the delivery to the party of a copy of the writ and petition.   But the statute (Hart. Dig. Art. 811, and 2894,) does not prescribe the precise form to be used in making the return, but only that there " shall be endorsed in writing, the manner in which they executed the process."   A fair construction of the language used by the Sheriff, to make any sense at all of it, is that a copy was served on the defendant.   We believe the judgment ought to be affirmed.

Judgment affirmed.