### D. M. UNDERHILL v. HENRY E. LOCKETT.

Where the citation was returned, "executed March 20th, 1856, by delivering a certified copy of petition, together with a true copy of this writ," and judgment went by default, on error the judgment was reversed on the ground that the return did not state that the copies were delivered to the defendant.

Error from Washington. Judgment by default, and damages assessed by the Clerk. The facts are stated in the Opinion.

*G. W. Horton*, for plaintiff in error, cited Roberts v. Stockslager, 4 Tex. R. 307; Stephens v. Price, 16 Id. 572.

Underhill v. Lockett.

ROBERTS, J.   This is a judgment by default, and the error assigned is that the return of the service of process is defective.

It reads "executed March 20th, 1856, by delivering a certified copy of petition together with a true copy of this writ." It does not state to whom it was delivered.

The statute concerning Sheriffs, of 1846, (Art. 2894, Hart. Dig.) prescribes "that the Sheriff and Deputy Sheriff shall indorse on all process and precepts, coming into their hands, the day on which they received them, the manner in which they executed them, and the day when they executed them, and shall sign their return officially." The statute of 1848, (Art. 811, Hart. Dig.,) provides " that the return of the Sheriff or other officer shall be in writing on the back of the process,·or attached thereto, stating fully the time and manner of service, and shall be signed by him officially."

The manner of serving process by the Sheriff (unless otherwise directed) is " by delivering to the party or parties in person, upon whom he is required to serve it" copies of the writ and petition, &c. (Art. 679, Hart. Dig.)

In this case it is easy to infer the fact, that the Sheriff delivered the process to the party upon whom he was required by the writ, to serve it.   But how infer it? from something in the return or from something outside of the return ?   Such inference does not arise from anything stated in the return.   For so far as the written statement goes, it may have been delivered to one person as well as another. But it arises from our experience and observation in relation to the acts of officers who serve such process.   Now is that inference (so founded) as to the existence of the fact, to be decided by the Court, to be the fact fully stated ; as the statute requires?   We think not. The requirements of the statute are plain and imperative ; and parties taking a default can easily have their returns corrected, if erroneously made; and they should be required to conform to the statute.   Judgment reversed and cause remanded.

Reversed and remanded.