## HENRY L. GRAVES v. HADLEY P. ROBERTSON.

This court has not uniformly insisted upon a strict compliance with the requirements of the statutes, on the subject of sheriffs' returns; but will, in future, refuse to recognise any return, as sufficient, that does not show such compliance.

The citation was returned, "Executed August 10th, 1857, by serving the "defendant with a true copy of this writ, and a certified copy of plaintiff's "petition," and judgment was rendered by default; on error, the judgment was reversed, on the ground, that the return did not show that the copy of the writ and petition were delivered to the defendant in person.

Such a return is not a compliance with the statute, requiring the sheriff's return to "*state fully* the time and *manner* of service."

This decision does not affect cases, where the return is brought into question collaterally; nor does it embrace cases, in which parties have appeared in court, either in person or by attorney, and proceeded, without questioning the sufficiency of the return, or of the service.

The rule laid down on the subject of returns on process, by Chief Justice Hemphill, in the case of Roberts v. Stockslager, 4 Tex. Rep. 307, approved.

Underhill v. Lockett, 20 Tex. Rep. 130, cited and approved.

The case of Bartlett v. Winkler, 15 Tex. Rep. 515, overruled.

ERROR from Washington. Tried below before the Hon. Robert E. B. Baylor. The facts appear from the opinion.

*Sayles* and *Bassetts*, for plaintiff in error. The return of the sheriff does not show that the citation was served. The statute, (Hart. Dig. Art. 811,) requires that the sheriff's return shall show the *manner* of service. The return is as follows : "Executed August 10th, 1857, by serving the defendant with a true "copy of this writ, and a certified copy of plaintiff's petition." How was the defendant served? We might *infer*, that it was by delivering to him the copies ; but it might have been by posting, by advertising, or by delivering them to a member of the defendant's family, or in some other mode which, in the opinion of the officer, constituted a legal service. But nothing should be left to inference. (Underhill v. Lockett, 20 Tex. Rep, 130; Roberts v. Stockslager, 4 Tex. Rep. 307.) The

statute has prescribed the mode of service, and that the return shall fully show that the statutory mode has been pursued.

*J. D.* and *D. C. Giddings*, for defendant in error, cited Bartlett v. Winkler, 15 Tex. Rep. 515; and suggested delay.

BELL, J. The plaintiff in error seeks to reverse the judgment of the court below, on the ground, that the return of the sheriff does not show that the citation was served on the defendant in the court below, in the manner required by law.

The return of the sheriff was as follows : " Executed August "10th, 1857, by serving the defendant with a true copy of this "writ, and a certified copy of plaintiff's petition." The court below rendered a judgment by default.

The question, whether a sheriff's return be sufficient or not, as an original one, is without any difficulty; but it has become embarrassing to this court, from the fact that we have not uniformly insisted upon a strict compliance with the requirements of the statutes upon the subject. It is the settled practice of the court, to inquire into all errors disclosed by the record, when delay is suggested by the appellee. Yet it must be admitted, that where the court, upon suggestion of delay, has assumed to notice all errors disclosed by the record, the returns of sheriffs, in the very language of that now before us, have been suffered to pass without notice, and, by implication, have been acknowledged to be sufficient. It is true that, in the earlier decisions of the court, whenever questions were made as to the sufficiency of returns, the court refused to sustain such as were not in conformity with the requirements of the statutes. But more recently, greater laxity has crept into our decisions and practice, until the question of the sufficiency of a sheriff's return, has become matter for grave discussion. In full view of the previous decisions of this court, and of the temporary embarrassment and delays that will result, we think it necessary to lay the axe to the root of the evil, and refuse any longer to recog-

nise any return as sufficient, that does not show a com-
pliance with the requirements of the statutes. In the case of
Roberts v. Stockslager, 4 Tex. Rep. 307, Chief Justice Hemphill
asserted the true rule on this subject. In that case, it was said,
"How far presumption would, in a collateral action, supply a
"return, where altogether wanting, or aid one which is defective,
"need not be inquired into;" and it will be understood, that we
do not intend this decision shall affect those cases in which
returns are brought into question collaterally. Nor do we
mean to interfere with those decisions of the court, which relate
to cases where parties have appeared in court, either in person
or by attorney, and have proceeded, without questioning the
sufficiency of the return, or of the service.

It is our purpose only to say, that our statutes point out the
manner in which service shall be made, and require the sheriff
to state fully the time and manner of the service; and to de-
clare the resolution of the court, to insist, in future, upon a
strict compliance with the provisions of the law.

Art. 679, Hart. Dig., declares the manner in which service
shall be made. Art. 811 requires, that "the return of the
"sheriff, or other officer, shall be made in writing, on the
"back of the process, or attached thereto, stating fully the
"time and manner of service; and shall be signed by him offi-
"cially."

Art. 679 requires, that "the sheriff or other officer, receiving
"any process, shall endorse thereon the day on which he re-
"ceived it, and shall execute the same, where not otherwise
"directed by the writ or citation, by delivering to the party
"or parties, in person, upon whom he is required to serve
"it, a copy thereof, and a copy of the petition accompanying
"it," &c.

The return, in the case before us, states that the writ was exe-
cuted by serving the defendant with a copy, &c. This is not
*stating fully* the manner of the service. The return does not
show that the copy of the writ and petition were delivered to the
defendant in person. It leaves the manner in which the service

was made, to be inferred; whereas the law requires it to be *fully stated*.

We are of opinion that the return is not sufficient. These views were all expressed by this court, (though not in reference to the same kind of return,) in the case of Underhill v. Lockett, 20 Tex. Rep. 130. We only reiterate them, in order that there may be no misunderstanding of what the practice of the court will be for the future. We will require the return to show, that copies of the writ and petition, were delivered to the party upon whom the officer is required to serve them. It is an easy matter for the parties interested, before asking the courts to render judgment by default, to look to the return; and if it be not in proper form, in almost every case, the officer who made the return, can be brought into court to amend it.

The case of Bartlett and others v. Winkler, 15 Tex. 515, is overruled. The judgment in this case is reversed, and the cause remanded.

Reversed and remanded.