### F. M. GRAVES v. LE GEIRSE & CO.

(No. 1250, Op. Book No. 2, p. 600.)

1w463
§  812
1w  96
2w  88
2w114
2w631

ERROR from Galveston County. Opinion by WHITE, P. J.

§ 812. *Citation and return; requisites of; when defective, will not support judgment by default.* With regard to the sufficiency of the process and return, whereby a party is brought into court to answer any action against him, it was said by our supreme court in Roberts v. Stockslager, 4 Tex. 307, that " the provisions of the statute as to the mode of service and the fullness of returns are as plain as they are imperative. They cannot be mistaken, and the courts should not permit them to be disregarded. They prescribe the mode by which the court acquires jurisdiction over the person of the defendant, and as this is necessary to give validity to its acts and judgments, the regulations on the subject should be strictly observed by the officers charged with the duty, and enforced by the tribunal before which the matters in controversy are to be determined. The fact that defendant has notice in the form prescribed by law is vitally

essential to the jurisdiction of the court; and where the party does not appear, and thus waive defects of notice, it is the duty of the court to ascertain, before proceeding in the adjudication, whether the defendant has been legally brought within judicial cognizance in relation to the subject matter then pending before the court." This doctrine has been reaffirmed in Underhill v. Lockett, 20 Tex. 130; Graves v. Robertson, 22 Tex. 130; and Tullis v. Scott, 38 Tex. 537. A general rule evolved from these decisions is, that any omissions of the requirements of the law as to the citation and the mode and manner of its return will cause the reversal of a judgment by default, because the regulations on the subject are imperative and must be strictly followed, no inferences or presumptions being allowed to supply apparent defects. In the case before the court, the suit was instituted in Galveston county; defendant resided in the county of Hamilton. The statute prescribes that "where the defendant is to be served without the county in which the suit is pending, a certified copy of the plaintiff's petition shall accompany the citation," etc. [R. S. 1220.] Again, it is provided that "it shall be the duty of the sheriff, or any constable to whom any citation shall be delivered, to indorse thereon the day and hour on which he received it, and to execute and return the same without delay." [R. S. 1218.] The case before us was a judgment by default. Upon the citation issued to defendant, who resided in Hamilton county, was the following indorsement and return made by the sheriff, viz.: "Received this writ on the 19th day of August, 1881, and I executed the same on the 20th day of August, 1881, by delivering to the within named defendant, F. M. Graves, in person, in the county of Hamilton, a true copy of this writ." Obliterated and erased by having a line drawn through them, were the words "and a certified copy of the plaintiff's petition which accompanies the same." After his official signature is written "the latter not intended to be marked out;" signed, "T. C. P." The latter what? If

it was intended by the officer to show by this that the words obliterated were not intended to be obliterated, why not say so, or rather why not write them again over the words obliterated, or write a new return entirely? Besides, who is "T. C. P.?" Is he the officer making the return and wishing to correct it? Then why not give his name officially to the pretended correction, and thereby at least show the authority by which the attempted correction was made? Such looseness with regard to official matters, where the law requires almost literal strictness, cannot and will not be tolerated. A return of this character, in order to hold a party bound in law, must be positive and affirmative. Inferences and intendments will not be indulged to aid and supply what would otherwise be insufficient and defective.

March 15, 1882.            Reversed and remanded.