I. & G. N. R. R. Co. v. WILLIAM PAPE.

(No. 2329, R. Book No. 4, p. 203.)

APPEAL from Comal County.   Opinion by WILLSON, J.

§ 241. *Justice's court; motion for new trial.* Motion in justice's court to set aside a judgment, where the ground is other than that it is contrary to law and evidence, must be sworn to. [Rev. Stats. arts. 1621–1623.]

§ 242. *Citation; mode and manner of return; judgment by default.* The general rule of law is, that any omission of the requirements of the law as to the citation, and the mode and manner of its return, will cause the reversal of a judgment by default, because the regulations on the subject are imperative, and must be strictly followed, no inference or presumption being allowed to supply apparent defects. [Roberts v. Stocklager, 4 Tex. 307; Underhill v. Lockett, 20 Tex. 130; Graves v. Robertson, 22 Tex. 130; Tullis v. Scott, 38 Tex. 537; Graves v. Le Gierse & Co. § 812.

§ 243. *Citation.* A citation which fails to state correctly and substantially "the nature of plaintiff's demand," or which is not "dated and tested," or which does not contain "the date of its issuance noted thereon," is not in conformity with the statute. [Rev. Stats. art. 1443.]

§ 244. *Citation; judgment by default.* Where it is noted upon a citation that it was issued a year before the date of the institution of the suit, such clerical error cannot be disregarded, when the citation is relied upon to sustain a judgment by default.

October 25, 1882.          Reversed and remanded.