### I. & G. N. R. R. v. WM. PAPE.

#### COURT OF APPEALS, TYLER TERM, 1882.

*Citation—Sufficiency of—Judgment by Default.*—Where the citation states only a portion of the demand it is insufficient.

*Same.*—By clerical error the date of the issuance of the citation is one year before the date of the institution of the suit. While this would not ordinarily vitiate the citation, it cannot be disregarded when the citation is relied upon to sustain a judgment by default.

Appeal from Comal county—Opinion by Willson, J.

William Pape sued the I. & G. N. R. R. Co. for damages, as follows:

1. For carelessly constructing its roadbed over his land in such manner as to cut off and separate about five acres of his land from the remainder of his tract, so as to deprive him of free access to said five acres of land, to his damage $225.

2. For the reasonable cost of building a cross-way over appellant's road to enable him to go to and from his said five acres of land, the further sum of $250.

3. For carelessly constructing said roadbed across plaintiff's land in such manner as to cause some ten acres of it to be inundated with water, to his further damage $250.

The aggregate amount of the damages, as estimated, is $975, and the petition concluded by claiming damages to the extent of one thousand dollars.

The citation issued in the case states "the nature of the plaintiff's demand" as follows: "Being for damages in the

sum of one thousand dollars, sustained by plaintiff by reason of said railroad company failing to provide for a proper crossing over said company's railroad, and thereby cutting said plaintiff off from a portion of said plaintiff's land, and also for damages occasioned to plaintiff's land on account of improper drainage."

The citation is tested on the 2nd day of January, 1882, and cites the defendant to appear and answer on the 16th day of January, 1882, and is endorsed "Issued January 2, 1881." In other respects the citation complies fully with Art. 1215 and 1443 of the Revised Statutes, and it was duly served upon W. H. Kennedy, who was described in the citation as the local agent of the defendant company.

The defendant failed to appear and answer in the suit, and the plaintiff proceeded to trial and obtained judgment for $350.00 and costs.

The defendant, on the next day after the rendition of judgment, made a motion to set aside the judgment, stating as his grounds:

1. That he had a good defense to the plaintiff's cause of action.

2. That he intended to be represented and answer in said cause, but was prevented by a series of mishaps, unavoidable difficulties, etc. This motion, however, was not supported by affidavit, and was properly overruled. (R. S., 1621-1623.)

The question upon which the judgment in this case depends is the sufficiency of the citation. The general rule of law is, that any omission of the requirements of the law as to the citation and the mode and manner of its return, will cause the reversal of a judgment by default, because the regulations on the subject are imperative and must be strictly followed, no influences or presumptions being allowed to supply apparent defects. (Roberts v. Stockalager, 4 Tex., 307; Underhill v. Lockett, 20 Tex., 150; Graves v. Robertson, 22 Tex., 130; Tullis v. Scott, 38 Tex., 537; Graves, v. Le Geirse & Co, 5 Texas Law Journal, 483, decided by Court of Appeals.) In this case, we think the citation fails to state correctly and substantially the "nature of the plaintiff's demand." It states only a portion of the demand, as will be seen by comparing

the petition with the citation. It omits the two items of damage claimed in the second and fourth counts of the petition. It is also required by law, that the citation shall be "dated and tested," and the "date of its issuance noted thereon." (R. S., 1443.)

This citation is properly "dated and tested," as is shown by other parts of the record, but the note of the issuance of the same is evidently incorrect, the date being one year before the date of the institution of the suit.

This was, no doubt, a mere clerical error, and would not ordinarily vitiate the citation, but we do not think that it can be disregarded when the citation is relied upon to sustain a judgment by default.

Judgment reversed and cause remanded.