Opinion by
White, P. J.
§ 719. Citation; requisites of; defective, when; case stated. Judgment by default in favor of Hampton against H. N. Kirk, S. S. Kirk and J. P. Hopper, upon a promissory note. The Kirks prosecute this writ of error, assigning as error that the citations served upon them are insufficient to authorize the judgment by default. The first objection to the citations is that they do not cite the defendants to appear “ at the next regular term of the court;” the statute requiring that the citation shall command the sheriff “to summon the defendant to appear, etc., at the next regular term of the court, stating the time and place of holding the same.” [R. S. art. 1215.] These citations state the time and place of holding the court before which the defendants are summoned to appear, but fail to state that they must appear at the *631 next regulax* term of said coui’t, as the statute requires should be stated. In this respect the citations are defective. [Ante, § 268.] The second objection is that the citations do not state the file number of the suit. In this respect, also, the citations are defective. The statute requires that a citation “shall state the date of the filing of the plaintiff’s petitioxi, the file number of the suit,” etc. [E. S. art. 1215.] The provisions of the statute “are as plain as they are imperative. They cannot be mistaken; and the courts should not permit them to be disregarded. They prescribe the mode by which the court acquires jurisdiction over the person of the defexidant, and as this is necessary to give validity to its acts and judgments, the regulations on the subject should be strictly observed by the officers charged with the duty, axxd enforced by the tribunal before which the matters in coxxtroversy are to be determined. The fact that the defendant has notice, in the form prescribed by law, is vitally essexrtial to the jurisdiction. [Roberts v. Stocklager, 4 Tex. 307; Graves v. Robertson, 22 Tex. 130.] No inferexice or presumption is allowed to supply apparent defects in a citation where the judgment is by default. [W. & W. Con. Rep. §§ 242, 243, 812; ante, %% 101, 122.]
May 23, 1885.
Reversed and remanded.