TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. W. F. YOUNGBLOOD ET AL.

Decided November 5, 1910.

**1.—Citation—Several Defendants—Defective Return.**

Where there are several defendants to the suit and all are named in the citation, a return thereon which shows that one of the defendants was served but fails to disclose which one, is fatally defective.

**2.—Several Carriers—Joint Liability—Interstate Shipment.**

In interstate shipments, under the provisions of section 20 of the Federal Act of June 29, 1906, each carrier is liable to the owner for any loss, damage or injury to his property caused by it or any other common carrier over whose line such property may pass.

**3.—Shipment of Cattle—Negligence—Stopping to Feed.**

When the necessity to stop cattle for feed and water during transportation is brought about by the negligence of the carrier, the carrier is liable for the damages incident to such delay.

Appeal from the District Court of Midland County. Tried below before Hon. S. J. Isaacks.

*H. C. Hughes,* for appellants.—Where there are two or more defendants named in a citation, the return on said citation is defective and should be quashed when said return does not show which one of the several defendants named in said citation was served. Stephenson v. Kellogg, 1 Texas App. Civ. (W. & W.), 272; Underhill v. Lockett, 20 Texas, 131; Batey v. Dibrell, 28 Texas, 173; Tullis v. Scott, 38 Texas, 537; Western Cottage Piano & Organ Co. v. Anderson, 79 S. W., 516.

It is the duty of a railway company to unload cattle for feed, water and rest every twenty-eight hours, or as soon thereafter as possible, and the court should instruct the jury that such companies are not liable for shrinkage to cattle by reason of being unloaded after being on the cars for twenty-eight hours or more, for a reasonable length of time for such purposes. Ft. Worth & D. C. Ry. Co. v. Hamm, 93 S. W., 215; Gulf, C. & S. F. Ry. Co. v. Beattie, 88 S. W., 367; St. Louis & S. F. Ry. Co. v. May, 115 S. W., 900; St. Louis, I. M. & S. Ry. Co. v. Carlisle, 78 S. W., 553; Galveston, H. & S. A. Ry. Co. v. Warnken, 35 S. W., 73.

*Caldwell & Whittaker,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is an action by W. F. Young-blood to recover damages growing out of two shipments of cattle over the lines of the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company, in which judgment was recovered for the sum of $2693.56, apportioned amongst the defendants, and the two companies last named have appealed.

We sustain the contention that the court erred in not quashing the citation to these appellants because of defects in the returns thereon. The following is a copy of the sheriff's return:

"Came to hand on the 11th day of March, 1909, at — o'clock — m., and executed in Grayson County, Texas, by delivering to the within named defendant, in person, a true copy of this citation, together with the accompanying certified copy of the plaintiffs' petition, by delivering same to its agent, E. F. McCune, at the following times and places, towit:

| Name | Date Month | Day | Year | Time Hour | Min. | P.M. | Place, and Course Mil. and distance C. H. |
|------|------------|-----|------|-----------|------|------|-------------------------------------------|
| E. F. McCune | Mch. | 12 | '09 | 2 | 35 | P.M. | Denison 10 Mi. N. |

"I actually and necessarily traveled — miles in the service of this citation in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

(Signed)    "H. S. Rick,
"Sheriff, Grayson County, Texas.
"By G. E. Gibson, Deputy."

No inference can be indulged as to the identity of the defendant served since all of the defendants were named in the citation. Underhill v. Lockett, 20 Texas, 130; Stephenson v. Kellogg, 1 W. & W., section 542.

Most of the other assignments are answered by the suggestion that the shipments appeared to be interstate shipments of a character to fall within section 20 of the Federal Act of June 29, 1906 (Supplement 1907, Federal Statutes, Ann., page 178), making each carrier liable to the owner for any loss, damage, or injury to his property caused by it or any other common carrier over whose line such property may pass.

The requested charge summarily directing the jury that it was the duty of appellant Missouri, Kansas & Texas Railway Company to stop the cattle involved in the first shipment, for feed, water and rest at Parsons, Kansas, was correctly refused because there was evidence from which the jury might have found that the necessity for stopping the cattle at that place in obedience to statute was brought about by the negligence of appellant. Of course in that event appellant could not escape the damage incident to such delay.

We do not consider the assignment with reference to the absence of testimony as to the state of the market, because such proof may be easily supplied on another trial.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*