T. E. TULLIS v. R. G. SCOTT.

1. A defendant against whom a judgment by default was taken, disclosed in his motion to set aside the judgment and for a new trial, a good defense, and that his failure to appear in obedience to the process of court was on account of his compulsory attendance on the Federal Court elsewhere: *Held*, error to overrule the motion.

2. It is error to permit a plaintiff to amend his petition after default taken without first having the default set aside.

3. The return of a sheriff that he executed process "by delivering to the within named A. B.,'in person, a certified copy of this writ, and a copy of petition," without stating what petition, is not sufficient.

4. See opinion for a state of case in which the judgment against one sued for wrongful seizure and conversion of goods, was not sustained by the evidence.

APPEAL from Robertson.   Tried below before the Hon. J. B. Rector.

The appellee brought suit in the District Court of Robertson county to the Spring Term, A. D. 1869, against Robert Porter, acting sheriff of said county, in trespass for the value of certain goods, drugs and merchandise, seized by said sheriff, by virtue of a writ of sequestration issued out of the District Court of Galveston county, commanding said sheriff to seize said goods, drugs and merchandise as the property of W. H. Dial.

At the Fall Term of said District Court of Robertson county, the plaintiff filed a supplemental petition, making James Davidson, A. Robira, and appellant, T. E. Tullis, parties defendant in said suit, by alleging that said defendants aided and assisted said sheriff, Porter, in

the commission of the trespass, and prayed that said Davidson, Robira and Tullis be served with proper citations and copies of the original and supplemental petitions.

A judgment by default was rendered against the defendant, T. E. Tullis, and the cause proceeded to trial against the other defendants upon the issues joined in their pleadings.

The demurrer of defendants, Davidson and Robira, to the petition was sustained by the court, and plaintiff then filed an amendment, after the judgment by default was rendered by the court against Tullis, the appellant. The cause was then submitted to the jury as to the other defendants, under the evidence and charge of the court.

Verdict rendered in favor of the other defendants, against the plaintiff.

Under instructions of the court damages were assessed against the appellant, in favor of appellee, for the sum of $3472, and final judgment entered against him for that amount by the court. The appellant made his motion for a new trial, which was overruled, and the judgment was brought by appeal to this court for revision.

The appellant made several assignments of error, among which were the following: 1. "The service upon this defendant was not sufficient in law to give the court jurisdiction."

2. "Because the court erred in instructing the jury to assess damages against this defendant, when the proof showed, upon the pleas of the other defendants, that the plaintiff had no proper cause of action."

3. "The court erred in overruling the defendant's motion for a new trial."

4. "The verdict of the jury was contrary to the law and evidence."

The return endorsed on the writ of citation was as follows:

"Came to hand, twenty-third day of September, A. D. 1871, and executed on the twenty-fifth day of September, A. D. 1871, by delivering to the within named T. E. Tullis, in person, a certified copy of this writ, and a copy of petition.

        " W. B. FOREMAN, Sheriff B. C.,

           "By W. L. Patillo, Deputy."

The character of the motion for new trial is shown in the opinion.

*Davis & Beall*, for appellant.—The sheriff's return does not state, in the language of the statute, that defendant was served with "a copy of the petition accompanying it;" much less that he was served with copies of the original and supplemental petitions, which was necessary in the case at bar.

The officer's return, endorsed on the writ, under his official oath, limits the judicial inquiry as to the manner of the service, and the maxim applies, "*Quod non apparet, non est.*" The authorities are clear that nothing can be presumed or inferred that is not manifest in the return. (Graves v. Robertson, 22 Texas, 130; Ib., 175; see Underhill v. Lockett, 20 Texas, 131.)

This court has in repeated decisions deprecated in strong language any departure from the plain requirements of the statute regulating sheriff's return of process. (See 19 Texas, 115; 22 Texas, 130.)

In appellant's motion for a new trial, he shows that he has a just defense to the plaintiff's action.

We submit that the motion should have prevailed, as he showed a good and equitable defense to the action, and sufficient reason for not making it in time.

There cannot be a several verdict for damages in a joint trespass, but the judgment must be joint against all the parties; and if the verdict be inconsistent the judgment

will be set aside. (4 Cushing, 392 ; 7 Wisconsin, 219 ; 1 Penn., 429 ; 1 Ala., 212 ; 2 Monr, Ky., 50 ; 8 Miss., 26; 12 N. Hamp., 302 ; 6 Cowan, 599 ; Hilliard New Trials, § 29 ; 2 Green, 102 ; 4 Esp., N. C., 158 ; 6 Binn., 316 ; 1 Day, 304 ; 5 Burr, 2790 ; 9 Pick., 555.)

*Aycock & Hamman,* for appellee.—Appellee relies in answer to appellant's position that the judgment in actions of tort must be against all the defendants, and therefore the default cannot be sustained against one, upon the following authorities: Legrand v. Paige, 7 Monroe, 401 ; Cunningham v. Dyer, 2 Monroe, 50 ; Dormer v. Flint, 2 Williams' (Vermont) R., 530 ; Bowman v. Noyes, 12 New Hampshire, 307 ; Hilliard on Torts, p. 180, § 25.

And that the plea of the defendants, in which they set up the writ of sequestration as a defense, was not sufficient, and should not have protected them, and is therefore not available for the defaulting defendant, etc., etc., even if the jury should have found on it, about which we know nothing, there being several pleas. (Hilliard on Torts, p. 30, §§ 3 and 5, and authorities cited ; 1 Hilliard on Torts, pp. 492, 494, 495, 498, 516, 517, 518 ; 2 Hilliard on Torts, pp. 194, 195, 229, 243, 244.)

We insist that the case cannot be examined, except on the merits of Tullis' motion, and that shows no excuse for his failure to appear and answer ; and as the cause of action against him is good, the judgment is conclusive against him. (Long and another v. Wortham, 4 Texas, 381 ; Niblett v. Shelton, 28 Texas, 548 ; Power v. Gillespie, 27 Texas, 370 ; Vardeman v. Edwards, 21 Texas, 737 ; Spencer v. Kinard, 12 Texas, 180 ; Cook v. De La Garza, 13 Texas, 431.)

OGDEN, P. J.—This action was originally brought against R. Porter, sheriff of Robertson county, Texas, for

the seizure of certain drugs and medicines; and by an amended petition, appellant, Tullis, and Davidson and Robira were made defendants.

Porter, Davidson and Robira answered, setting up their defenses; but Tullis failed to answer, and judgment was taken against him by default, with a writ of inquiry. The cause was submitted to a jury, who found in favor of Porter, Davidson and Robira, but, under the positive instructions of the court, found a verdict against Tullis, for the full value of the drugs seized by the sheriff. He filed a motion for a new trial, which was overruled by the court, and he has appealed.

The charge of the court, in effect, instructed the jury to find against the defendant, Tullis, the value of the goods seized by the sheriff. This, we think, was error. It was in proof that at the time of the alleged trespass of appellant, the drugs were not the property of the plaintiff. That Tullis had no other connection with the drugs than to assist the sheriff in taking an inventory of the same; that he was not present at the time the drugs were seized, and that he in no way aided in the seizure, removal or conversion of the same. Most clearly, then, under the evidence, the value of the drugs subsequently seized by the sheriff could form no measure of damage as against Tullis. If he had trespassed upon the property of plaintiff, he might have been liable for damages; but his liability should bear some relation to the injury committed. The evidence negatived any combination on the part of Tullis to seize or convert the goods; and he should not therefore be held to answer for others' trespasses or damages inflicted by them.

We think the court also erred in overruling appellant's motion for a new trial. He was not present by himself or counsel, and made no defense, but in his motion for a new trial he showed that he had a defense, and that his

absence from the court, and his failure to appear, in obedience to the process of the court, were caused by his compulsory attendance on the Federal Court at Austin. Under the authority of Thomas v. Womack, 13 Texas, 585, we think this a sufficient showing to entitle appellant to a new trial.

In the case of Portwood v. Wilburn, 33 Texas, 713, this court held, that it was error in the District Court to permit a plaintiff to amend his petition, after a default taken, without having that default set aside; and we have only to repeat that opinion, in order to decide one of the causes of complaint in this case.

We are also of the opinion that there is a defect in the sheriff's return of service on Tullis, which will require a reversal of the judgment. The sheriff certifies that he executed the same "by delivering to the within named, T. E. Tullis, in person, a certified copy of this writ, and a copy of petition." What petition? The return fails to inform us whether the copy of petition served was a copy of the petition in this or any other particular case. In Graves v. Robertson, 22 Texas, 130, and in Underhill v. Locket, in Robert v. Stockslager, 4 Texas, 307, this court has held that no presumptions will be indulged to aid the sheriff's return in order to support a judgment by default. The statute is plain and mandatory, and if parties will take judgment by default, without requiring a correct and specific return by the sheriff of the service of the citation, as the law directs, they should not complain if their judgment is set aside on an appeal.

For the reasons above given we think the court erred in overruling the motion for a new trial. The judgment of the District Court is therefore reversed and the cause remanded.

REVERSED AND REMANDED.