# HOUSTON, EAST AND WEST TEXAS R'Y CO. vs. JAMES EWING.

## COURT OF APPEALS, GALVESTON TERM, 1884.

*Citation* which fails to state the date of the filing of the petition which the defendant is called upon to answer, or to state the docket or file number of the case, insufficient to support a judgment. See Article 1215 Rev. Stats.is for the requisites of a citation.

*The suit* in this case was upon a draft. (See opinion.) The citation termed the instrument a bill of exchange. It gave the date, amount, and to whom payable. *Held*, sufficient to state "the nature of the plaintiff's demand."

. Error from Harris County.

Opinion by Hurt, J.

James Erving sued the company upon the following draft:

Angelina Co., Texas, Dec. 23, 1881.

Thirty days after date, pay to the order of W. B. Miller one thousand dollars, for time checks and cross-ties, value received and charge to account of

To PAUL BREMOND,                    C. G. WOODBRIDGE,
President Houston East and           Chief Engineer and Supt. Con.
West Texas Railroad Co."

Citation was issued and served upon defendants, and no answer being filed, judgment was taken by default for $1093.00, and defendant brings the cause to this court for revision by writ of error.

The plaintiff in error assigned two grounds why this judgment should be reversed. First, the court in rendering judgment by default against defendant in this case, because the citation is not a legal one, and is not sufficient to require it to appear and answer, or to support a judgment by default against it, because it does not give, or state anywhere, either the date of filing of the petition of the plaintiff, which defendant is called to answer, or the file, or docket number of the case of plaintiff's petition in which it purports to have been issued.

It is required by article 1215, Revised Statutes, that the citation "shall state the date of the filing of the plaintiff's petition, the file number of the suit, the names of all the parties, and the nature of the plaintiff's demand, and shall contain the requisites prescribed in article 1443 germain to the subject embraced in this assignment. Article 1443 requires the citation to be dated and attested by the clerk with the seal of the court impressed thereon, and the date of its issuance shall be noted on the same."

The date of the filing of the petition does not appear either on the face or back of the citation. This is fatal to the sufficiency of the citation. Seal vs. Woodhouse, 3 Texas, 90; International and Great Northern Railway vs. Pope, W. W. Con. Rep., 96; Roberts vs. Sacklager, 4 Texas, 307; Underhill vs. Lockett, 20 Texas. 130; Graves vs. Robertson, 22 Texas, 130; Tullis vs. Scott, 38 Texas, 537; Graves vs. LeGierse, W. W. Con. Rep. 812.

The proper number of this case is 1143; that upon the back of the citation is 1144. This is not the number of the case, and hence the statute is not obeyed in this respect, and is insufficient. Same authorities as above.

Though it is not necessary to a decision of the case, we are of the opinion, that the file number of the case should be inserted in the body or on the face of the citation. The citation "shall state the file number of the suit." The citation must be attested by the clerk with the seal of the court. Any and all of the requisites of the citation must be authenticated. The second assignment is, "that the citation does not show a correct or proper statement of plaintiff's cause of action."

The suit was upon the draft set out in full above. The citation terms this instrument a bill of exchange. Its date, amount, and to whom payable are all stated in the citation. We are of the opinion

that this is a sufficient statement of "the nature of plaintiff's demand." Because the citation is defective as above indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.