**GRAPEVINE TRUCKING, INC., et al.,**
Appellants,

v.

**Ruby SHEPHERD et vir, Appellees.**

No. 16409.

Court of Civil Appeals of Texas.

Fort Worth.

March 22, 1963.

Rehearing Denied April 26, 1963.

der the provisions of Texas Rules of Civil Procedure 359–363, inclusive. In the petition therefor Grapevine Trucking, Inc., was joined by A. G. Wise, Buford J. Eatmon and T. E. Prince, its stockholders and directors.

After this court's jurisdiction was complete, Ruby Shepherd et vir filed a motion to dismiss the appeal on the ground that there had been a forfeiture of the right of Grapevine Trucking, Inc., to do business in this state prior to the time of the collision which gave rise to the cause of action, which condition of forfeiture continued up until the time the motion was filed. V.A. T.S. Title 122A, "Taxation-General", Ch. 12, "Franchise Tax", Art. 12.14, "Failure to Pay Tax". It is of interest to note that since time the motion was filed the fees and penalties requisite to the restoration of the trucking company's right to do business have been paid, and such restoration had, although we do not consider this of any importance to the appeal.

When an appellate court is called upon to revise the ruling of a trial court, it must do so upon the record before the court when such ruling was made. A party to a suit will not be permitted to try his case in the appellate court on a different statement of facts than that presented in the court below. Since the trial court did not have before it on trial therein the fact that Grapevine Trucking, Inc., had forfeited its right to do business in this state and to prosecute or defend suits in the courts of the state, we are bound on the appeal to treat the case as though said defendant labored under no impediment to a presentation of a proper defense. Stephens County v. J. N. McCammon, Inc., 1932, 122 Tex. 148, 52 S.W.2d 53, 55. That the appeal is *by writ of error* rather than by an ordinary form of appeal would not alter the rule.

We overrule the motion to dismiss.

Premise on which Grapevine Trucking, Inc., contends for reversal of the default judgment lies in the defect of the officer's

---

Shields, Jones & Whittington, and Charles O. Shields, Dallas, for appellants.

Sewell & Forbis, and James E. Forbis, Decatur, for appellees.

MASSEY, Chief Justice.

The appeal is by writ of error from the district court of Wise County, Texas, to vacate a certain default judgment entered in a negligent collision case.

Judgment is reversed and the cause remanded.

Plaintiffs in the trial court were Ruby Shepherd and her husband. Defendants were Grapevine Trucking, Inc., a Texas corporation, and the driver of its truck, one Billy Duain Jones. Judgment in default of any answer or appearance was entered against both defendants. As to Jones the judgment has become final. It is only the defendant Grapevine Trucking, Inc., who has brought an appeal by writ of error un-

return on the citation purportedly served with the objective to bring it into court and subject it to jurisdiction.

The officer's return reads as follows: "Came to hand on the 20 day of Oct., 1961, at 11:21 o'clock A. M., and executed in Tarrant County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit: * * * Marry Adkisson, Bookkeeper For Grapevine Trucking, Inc., 10 (month) 23 (day of month) 61 (year), 1:35 P. M., (at) Rt. 1, Grapevine, Texas."

■ The return does not affirmatively disclose requisite compliance with the provisions of Texas Rules of Civil Procedure 107, "Return of Citation". In connection therewith we take notice of V.A.T.S. Texas Business Corporation Act, Art. 2.11, "Service of Process on Corporation", which contains provisions as to certain types of service of process which may be sufficient to satisfy legal requisites as to a Texas Corporation. The parties concede that within contemplation of this Article there was no adequate service of citation in the case. We agree that the concession is proper and that the parties are correct. However, appellees Ruby Shepherd et vir insist that reference is proper to be made to V.A.T.S. Title 42, "Courts—Practice in District and County", Ch. 3, "Citation", Art. 2029, "Against corporations and joint stock associations", and the part thereof which states that in suits against corporations the citation may be served on certain specified persons, or "by leaving a copy of the same at the principal office of the company during office hours." We see nothing in the article, nor in the provision for leaving a copy of the citation at the principal office of the corporation during office hours, which alters our opinion that the record, in so far as it purports to disclose service of citation, failed to comply with requisites of T.R.C.P. 107.

■ Only by the aid of an inhibited presumption may the service of citation be said to have been sufficient. That the person (Marry Adkisson, bookkeeper), upon whom the service was had, was then present at the principal office of Grapevine Trucking, Inc., when process was served upon her, must necessarily be presumed in any conclusion that the officer executing the return complied with the provisions of Art. 2029. That other presumptions were necessary is certainly arguable if not positively apparent. In the respect stated necessity of presumption is positively apparent. No presumption will be indulged to aid the sheriff's return in order to support a judgment by default. See Tullis v. Scott, 1873, 38 Tex. 537, 538, citing Graves v. Robertson, 1858, 22 Tex. 130; Underhill v. Lockett, 1857, 20 Tex. 130; and Roberts v. Stockslager, 1849, 4 Tex. 307. This is still the law. The trial court had not acquired jurisdiction over the person of Grapevine Trucking, Inc., at the time default judgment was entered. Therefore the judgment cannot stand.

Judgment is reversed and the cause remanded to the trial court.