Gerald Doyne SCUCCHI, Appellant,

v.

Karolyn Doris Scucchi WOODRUFF, as next friend for Michael Andrew Scucchi, et al., Appellee.

No. 17459.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 21, 1973.

Pope, Hardwicke, Hobbs, Christie & Montgomery, and George F. Christie, Fort Worth, for appellant.

English, English & Landrith, and Kris Landrith, Arlington, for appellee.

## OPINION

BREWSTER, Justice.

Pursuant to an application therefor filed in their behalf by their mother, Karolyn Doris Woodruff, as their next friend, the trial court on February 9, 1973, rendered a judgment changing the last names of two minor children from Scucchi to Woodruff.

The petition alleged that Gerald Doyne Scucchi, the children's father could be served with citation in Tulsa, Oklahoma, at 1722 South Carson Avenue.

In so far as the father is concerned, the judgment changing the last names of his children from Scucchi to Woodruff was a default judgment, and it is the father that has here appealed from that decree. The original names and the birth dates of the two minors were Michael Andrew Scucchi, a boy born of October 6, 1970, and Ginger Ann Scucchi, a girl born on June 14, 1963. The petition alleged that the children's mother, Mrs. Woodruff, was divorced from their father, Gerald Doyne Scucchi, in 1971 and that she later, in the summer of 1972, married a Mr. Woodruff.

The clerk issued a citation directed to Mr. Scucchi. The return on the citation

recited in substance that it was executed at 1722 South Carson Avenue in the County of Tulsa, by delivering to the within named Gerald Doyne Scucchi, in person, a true copy of the citation together with the accompanying copy of plaintiff's original petition, having first endorsed thereon the date of delivery. The return was signed and sworn to by one Wayne A. Martin before Ida L. Roberts, a notary public for Tulsa County, Oklahoma, on January 3, 1973. The said Wayne A. Martin failed to swear in the return before the notary that *he was a disinterested person* and that he was competent to make oath of the fact.

The case was tried without a jury. Mr. English, attorney for petitioner, testified at the hearing of the motion for new trial that he proved up and took a default judgment in the case on February 9, 1973. The father of the children did not file an answer in the case and he was not personally present or represented at the trial. The first appearance made by the father in the case was on March 9, 1973, at which time his attorney filed a motion for new trial in the case in his behalf.

Mr. English testified at the hearing of the motion for new trial that when he filed the petition in the case he also mailed to the defendant, Scucchi, in Tulsa at an address that Scucchi had provided him, a copy of the petition and a proposed waiver for him to sign. When English received no reply he testified that he had the citation issued and served on Scucchi in Tulsa, Oklahoma, on January 3, 1973. He testified that Scucchi then called him long distance, and discussed the matter with him. On January 16, 1973, English mailed a letter directed to Scucchi, at the address given him by Scucchi, advising him of the time and place where the trial would be held.

Defendant's second point of error is that the trial court erred in holding that he, Scucchi, had been cited in the case by personal service, because the return on the service is patently defective.

We sustain this point.

The fact that Scucchi did not assign as error in his motion for new trial the matter complained of in this point of error is immaterial. This is so because a motion for new trial is not a prerequisite to an appeal in a non-jury case such as this. See 3 Tex.Jur.2d 460, Appeal and Error, Sec. 184.

Art. 5929, Vernon's Ann.Texas St., is the statute that provides for the changing of a minor's name. Although that statute does not specifically provide for the giving of notice to the father in instances where such a suit is filed, it is now established in Texas that the natural father of a minor child has an interest in a suit brought by the child's natural mother in the child's behalf to change the child's last name to that of the mother's new husband and that when such a suit is filed the father must be given notice thereof. See Eschrich v. Williamson, 475 S.W.2d 380 (Beaumont, Tex.Civ.App., 1972, ref., n.r.e.), in which case the point is fully discussed.

The question involved here then boils down to whether or not the notice that was given to the defendant, Scucchi, in this case was legally sufficient to put defendant in court. We hold that it was not because the return on the citation purportedly served upon him was fatally defective.

The evidence in this case does not establish whether at the time he was allegedly served in Oklahoma the defendant had become a non-resident of Texas, or whether he was just temporarily absent from Texas, but that does not matter here because the requirements for service in both instances are the same under Rule 108, Texas Rules Civil Procedure. The undisputed evidence shows that the citation in question was served upon him in Tulsa, Oklahoma. At that time he was either just temporarily absent from the State or he was a non-resident of the State.

Rule 108, T.R.C.P., prescribes the form of notice that must be served upon a defendant in all cases in which notice is re-

quired where that defendant is either absent from Texas or is a non-resident of Texas. The form of such notice is the same in either case. The same rule also provides as follows: ". . . the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; *and such notice may be served by any disinterested person competent to make oath of the fact* in the same manner as provided in Rule 106 hereof." (Emphasis ours.) The rule further requires that the return be signed and sworn to by the person making the return.

As stated above, although Wayne A. Martin, the person serving the citation on Scucchi signed and swore to the return, *he failed to swear therein that he was a disinterested person* competent to make oath of the fact.

■ The return on the citation was therefore fatally defective and was insufficient to put defendant in court and was insufficient to support the default judgment that was rendered. This point has been directly passed on in the case of Upham v. Boaz Well Service, Inc., 357 S.W.2d 411 (Fort Worth, Tex.Civ.App., 1962, no writ hist.) wherein the court said at page 418 the following:

"As heretofore mentioned David W. Upham, one of the petitioners, was deemed by the trial court to have been subject to its jurisdiction. He was a non-resident. The state of his residence was California. In relation to the citation necessary in such cases it is proper to refer to Texas Rules of Civil Procedure, rule 107 'Return of Citation', and T.R.C.P. 108, 'Defendant Without State'. Therefrom it appears mandatory that the return of the person making service upon such a defendant show that he is in no manner interested in the cause in question; that a true copy of the citation with a true and correct copy of the plaintiff's petition attached thereto was delivered to the within named defendant in person; and such return must be sworn to.

The return made on the citation purportedly served upon David W. Upham was fatally defective and insufficient to support default judgment as against him, either in his individual capacity or as trustee. Jurisdiction over him was never acquired."

The following relates to the point under discussion and is from 34 Tex.Jur.2d 207–208, Judgments, Sec. 277: "In order to obtain jurisdiction over the defendant, and thereby authorize the rendition of such a judgment (default) against him, the procedure for issuance and service of process must be strictly followed. . . . *Nor will a return of process that does not comply with legal requirements . . . support a judgment.*" (Emphasis ours.)

In further support of our holding that the return on the citation was fatally defective and would not support a default judgment see Midwest Piping & Supply Co. v. Page, 128 S.W.2d 459 (Beaumont, Tex.Civ.App., 1939, writ ref.).

■ The plaintiff argues that Scucchi had actual notice of the pending suit, a copy of the petition, and a letter from Mr. English advising him of the time and place of the hearing, and that such notice was legally sufficient to meet all the requirements of notice as laid down by the U. S. Supreme Court in the case of Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) and that the notice Scucchi actually had put him in court. We overrule this contention.

■ In speaking of the notice required by the Constitution to constitute due process that court held sufficient at page 550, 85 S.Ct. at page 1190:

". . . notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

The law is that in situations where notice is required to be given and in which no particular method of giving or form of

notice is prescribed by state law then notice to a party that is sufficient to meet the test laid down in the Armstrong case, supra, would be sufficient.

But, if a state statute or rule of court prescribes the method by which notice must be given in a particular instance, and if it prescribes the form of the notice that must be given in such instance, then the method prescribed by the statute or rule for giving notice is generally held to be exclusive and the form prescribed must be followed with reasonable strictness. What we have said in this paragraph is true if the requirements of the statute or rule at least meets the requirements of reasonableness that are laid down in the Armstrong case, supra. On this see 66 C.J.S. Notice § 16 p. 653; Realty Trust Co. v. Lindsey, 129 Tex. 516, 105 S.W.2d 210 (Tex.Com. App., 1937); and Investors Diversified Services, Inc. v. Bruner, 366 S.W.2d 810 (Houston, Tex.Civ.App., 1963, ref., n.r.e.).

Rule 108, T.R.C.P., prescribes the form of notice of the filing of a suit that must be given to defendants who are absent from the State and to defendants that are non-residents of the State, and provides who can serve such a notice and the form of the return thereon and for the verification of the return.

There is no question but what a compliance with that rule would give to a defendant notice that would meet the requirements as to reasonableness of notice called for in the Armstrong case, supra.

In this case to effectively bring Scucchi into court it was necessary that Rule 108, T.R.C.P., be complied with in giving him notice, of the filing of the suit. Any actual knowledge he may have had in this regard did not put him in court. 34 Tex. Jur.2d 211, Judgments, Sec. 277; Investors Diversified Services, Inc. v. Bruner, supra, and Gutierrez v. Cuellar, 236 S.W. 497 (San Antonio, Tex.Civ.App., 1922, no writ hist.).

Because the return on the citation served on Scucchi in this case was fatally defective, it will not support the default judgment that was rendered in this case. 34 Tex.Jur.2d, Judgments, Sec. 277, pp. 206–210.

The law is that no presumptions will be indulged to aid a return on a citation in order to support a judgment by default. Woodall v. Lansford, 254 S.W.2d 540 (Fort Worth, Tex.Civ.App., 1953, no writ hist.) and Grapevine Trucking, Inc. v. Shepherd, 366 S.W.2d 950 (Fort Worth, Tex.Civ.App., 1963, ref., n.r.e.).

Appellant contends in his third point of error that the trial court committed reversible error in failing to appoint a guardian ad litem to represent the minors at the hearing of the application to change their names.

We overrule this point.

The following is from the opinion in the case of Newman v. King, 433 S.W.2d 420, at p. 421 (Tex.Sup., 1968):

"Under the quoted provisions of Art. 5929 and Rules 44 and 173, a change of name application may be filed on behalf of a minor by 'next friend,' who has all the rights concerning the proceeding that a guardian would have; and displacement of the next friend with a court appointed guardian ad litem, although mandatory when authorized, is authorized only when it 'appears to the court' that the next friend has an interest 'adverse to the minor.' *While caution would dictate the displacement in every legal proceeding in which the pleadings or the evidence indicate a reasonable possibility of adverse interest,* an error in judgment by the trial judge in deciding the preliminary issue of adverse interest and in failing or refusing to make the displacement does not differ in ultimate effect from errors in judgment which a trial judge may make in deciding many other questions during the course of a trial." (Emphasis ours.)

Rule 173, T.R.C.P., provides: "When a minor . . . is a party to a suit . . . and is represented by a next friend or a

guardian who appears to the court to have an interest adverse to such minor, . . . the court shall appoint a guardian ad litem for such person . . . ."

■ ■ Without question a suit to change a minor's name can be brought for the minor by a next friend. If the next friend's interests in the case are adverse to those of the minor then it is the court's duty to appoint a guardian ad litem to represent the minor in the case. Whether or not the interests of the next friend are adverse to the interests of the minor he purports to represent is a preliminary issue to be determined by the court from the record and from the evidence before him. In many instances the problem would simply present a fact issue for the court's determination.

The following is from "Change of Name Proceedings" by Beverly A. Neblett, 22 Southwestern Law Journal 649, at page 652: "In Texas appointment of a guardian ad litem in a suit involving a minor plaintiff depends upon the existence of adverse interests between the minor . . . and his next friend . . . as specified in rule 173. Although the statute requires the trial court to appoint a guardian ad litem if such a conflict appears, it is within the discretion of the court to determine whether adverse interests exist."

We gather from reading the Newman case, supra, that the majority of the Supreme Court was then of the opinion that a record that contained the petition that was filed in that case reflecting that a minor's mother had filed suit for the minor, as his next friend, to change the minor's last name from that of his father, to the last name of her new husband did not, as a matter of law, alone show that the mother's interests in the case were adverse to the interests of her child.

Their opinion was that it would take more than just that to show an adverse interest. That being true, we must here look to the evidence and to the court's findings.

Mrs. Woodruff testified at the trial that: she married Scucchi in 1959 and lived with him until August 14, 1970, at which time he left without telling her or his oldest child goodbye; when he left she was seven months pregnant with the youngest child and had $150.00 in the bank; he sent her a telegram advising he was suing her for divorce; he did not tell his little girl that he was leaving and has not seen her, called her, or tried to contact the child since he left; the youngest child was born in October, 1970, and Scucchi has never seen him or even tried to see him although he knew his whereabouts at all times; Scucchi told the mother that the children were her responsibility and tried to get her to have an abortion when the little boy came along; she has had to keep after him to get child support; she married Woodruff August 10, 1972, and he spends time with the children; he is the only daddy that Scucchi's boy has ever known for Scucchi has never seen the boy.

Based on these facts the trial court found that there was no conflict of interest between the next friend and the minor plaintiffs.

■ We hold that the evidence before the judge supports this finding and that the trial court did not abuse its discretion or err in making the finding.

In view of the fact that we are reversing this case for the reasons stated above, it is not necessary that we discuss other contentions made by appellant in this case. We have considered all of Scucchi's other contentions and overrule them. They relate to contentions that Scucchi was not properly served for reasons other than those that we have discussed above. Those matters have all become immaterial now in view of the fact that Scucchi has now entered an appearance in the case.

The facts that were presented to the court on the issue of whether or not a guardian ad litem should have been appointed for the minors may not be the

same when the case comes on for a retrial of the matter. Those facts were the ones developed at a non-contested hearing at which Scucchi was not heard. The court will have to reconsider the question at the retrial of the case on the basis of the evidence that is then offered.

On the question of whether or not an ad litem should be appointed for the minors, the Supreme Court in the Newman case, supra, said in substance that caution would dictate the displacement of the next friend by a guardian ad litem in every legal proceeding in which the pleadings or the evidence indicate a reasonable possibility of an adverse interest between the next friend and the minors.

Reversed and remanded.