Mary CLAYTON, Appellant,

v.

Douglas McArthur NEWTON, Appellee.

No. 17650.

Court of Civil Appeals of Texas, Fort Worth.

May 30, 1975.

Fillmore, Lambert, Farabee & Purtle and Roger Lee, Wichita Falls, for appellant.

William V. Browning, Wichita Falls, for appellee.

## OPINION

BREWSTER, Justice.

Douglas Newton filed this habeas corpus action in a Wichita County District Court on December 19, 1974, against Mary Clayton, the maternal grandmother of his three children. He sought therein to recover the custody of said children, namely, Tammy Kay Newton, Sandra Lynn Newton, and Douglas McArthur Newton, Jr., from the grandmother. On January 31, 1975, the trial court rendered judgment in the case and awarded the custody of the three children to the father, and ordered the grandmother to deliver the children to him. This is an appeal by the grandmother from that decree.

■ The father, who is the appellee here, did not file a brief in connection with the appeal and neither he nor his attorney appeared before this Court for oral argument at the time the case was submitted. Under these circumstances, this Court will accept as correct the statement contained in appellant's brief as to the facts of the case and the record. Rule 419, Texas Rules of Civil Procedure; and Crawford v. Modos, 465 S.W.2d 220 (Beaumont, Tex.Civ.App., 1971, writ dism., which cites many cases on this point).

The father and the mother of the children were divorced by a district court in Tulsa County, Oklahoma, on May 10, 1971. In that decree the custody of the children was awarded to their mother, Youla Kay Newton. Thereafter, the mother and father of the children filed in that same court a joint application asking that the custody of the children be awarded to their maternal grandparents, and that Oklahoma court did on September 7, 1971, grant that joint application and awarded the custody of the children to the appellant here, Mary Clayton, and to her husband, Riley Ardell Clayton, they being the maternal grandparents. At that time the Claytons lived together in Tulsa, Oklahoma.

In May, 1974, Mary Clayton moved with the children from Oklahoma to Wichita Falls, Texas, and she and the children have all resided in Wichita Falls, Texas, continuously since. Mary Clayton has had the actual custody of the children in Texas since May, 1974.

In October, 1974, the appellee, Douglas Newton, filed in the Tulsa County, Oklahoma district court (the divorce court) a motion to modify the prior decrees entered in that divorce case relating to custody of the three children and on November 8, 1974, that Oklahoma court did render a default judgment changing the custody of the children from the maternal grandparents to the father, Douglas Newton.

In connection with this last mentioned case Mary Clayton was not served with a citation. She was given actual notice of the hearing by means of a telephone call. An effort was also made to give her notice of the hearing by an attorney mailing a copy of such a notice addressed to her at an address in Tulsa, Oklahoma, in October of 1974. This was the only effort shown by the record to give Mary Clayton notice of

that suit. In October of 1974 when the notice was mailed to the Oklahoma address, Mary Clayton was a resident of Texas and had been since the previous May.

On December 19, 1974, appellee Newton then filed this habeas corpus action in the 30th District Court of Wichita County, Texas, and recited as grounds therefor the default decree last mentioned above by the Oklahoma Court, which order placed custody of the children in him. On January 31, 1975, the court rendered judgment granting the writ of habeas corpus and ordering Mrs. Clayton to deliver to the father the custody of the three children.

The case was tried in the trial court on the theory that the law involved in deciding the case was the same in Oklahoma as it is in Texas.

The following is from Harris v. Harris, 403 S.W.2d 445 (Houston, Tex.Civ.App., 1966, ref., n. r. e.): "The law of the state where the judgment is rendered governs in determining the validity, finality and effect of the judgment. However, our courts may not take judicial notice of the laws of another state in the absence of a request to do so. Rule 184a, T.R.C.P. Such laws are facts to be proven and in the absence of proof of such laws by judicial knowledge properly requested or proof otherwise, we presume them to be the same as the laws of Texas. Commonwealth of Mass. v. Davis, 140 Tex. 398, 168 S.W.2d 216 . . . ."

■ The trial court's determination to apply Texas law instead of Oklahoma law was proper in this case because of a lack of a preliminary motion requesting judicial notice of Oklahoma law and notice reference thereto. Rule 184a, T.R.C.P.

The trial court restricted the evidence at the trial of this case to proof by certified copies of the entire proceedings had before the Oklahoma court, and to a stipulation that a telephone call was made to Mary Clayton by which she was given actual notice of the date of the hearing in the Oklahoma case.

The judgment appealed from recites the following: "The Court . . . finds that the Order of the District Court of Tulsa County, Oklahoma, dated November 8, 1974 . . . is a valid and subsisting order of a sister state, entitled to full faith and credit and enforcement under the laws of this state."

We reverse and render.

■ Appellant's first point of error is that the trial court erred in giving full faith and credit to the Oklahoma default judgment that is involved here because appellant was never served with process or formal notice of the Oklahoma proceedings.

We sustain this point.

Section 14.08(b) of Title 2 of the Texas Family Code provides that all parties to a suit to modify a former order relating to custody of a child are entitled to notice thereof and to a hearing.

In his petition filed in the Oklahoma case in which case he was awarded the default custody judgment in question the appellee, Newton, had alleged that the maternal grandparents had separated and that Mrs. Clayton, the appellant here, had moved with the children to live in Wichita Falls, Texas. Mrs. Clayton was in Texas when that suit was filed.

Rule 108, T.R.C.P., prescribes the form of notice that must be served upon a defendant in all cases where notice is required where that defendant is either absent from the state or is a nonresident of the state. The form of the notice is the same in either case. The rule provides: " . . . the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant . . . ." See on this Scucchi v. Woodruff, 503 S.W.2d 356 (Fort Worth, Tex.Civ.App., 1973, no writ hist.).

Mrs. Clayton was not served with a citation in the Oklahoma case wherein the default judgment was rendered against her.

It was admitted that a telephone call was made to Mrs. Clayton advising her of the fact that Newton had filed the custody case against her in Oklahoma and of the date of the trial thereof.

The notice given to Mrs. Clayton by this telephone call was not legally sufficient to put her in court.

If a state statute or rule of court prescribes the method by which notice must be given in a particular instance (as does Rule 108, T.R.C.P., here), and if it prescribes the form of the notice that must be given in such instance, then the method prescribed by the statute or rule for giving notice is generally held to be exclusive and the form prescribed must be followed with reasonable strictness. See Scucchi v. Woodruff, supra, and cases therein cited on this point.

In this case to effectively bring Mrs. Clayton into court it was necessary that Rule 108, T.R.C.P., be complied with in giving her notice of the filing of the suit. Any actual knowledge that she may have had about the case or the hearing did not put her into court. 34 Tex.Jur.2d 211, Judgments, Sec. 277; Investors Diversified Services, Inc. v. Bruner, 366 S.W.2d 810 (Houston, Tex.Civ.App., 1963, ref., n. r. e.); Gutierrez v. Cuellar, 236 S.W. 497 (San Antonio, Tex.Civ.App., 1922, no writ hist.); and Scucchi v. Woodruff, supra.

The judgment by default by the Oklahoma court that the trial court in this case gave full faith and credit to and relied on in rendering the judgment being appealed from was unauthorized by law in view of the fact that Mrs. Clayton had not been served with citation in the case, had not answered, and had not otherwise appeared in the case. Coker v. Logan, 101 S.W.2d 284 (Amarillo, Tex.Civ.App., 1937, writ ref.); and many cases cited in 34 Tex.Jur.2d 207, Judgments, Sec. 277.

The trial court erred for the reasons stated in giving full faith and credit to the Oklahoma judgment that was the basis for the rendition of the judgment here being appealed.

■ Appellant's second point of error is that the trial court erred in giving full faith and credit to the Oklahoma decree and in granting the writ of habeas corpus based thereon because the Oklahoma court did not have authority to exercise extra territorial jurisdiction over children who were at the time living in Texas with a person lawfully having cutody of them, and who was also a resident of Texas.

We sustain this point.

The Oklahoma court did not have jurisdiction to render the November 8, 1974, decree awarding cutody of the children involved here to their father, the appellee, because the children, both at the time that custody suit was filed and at the time the judgment therein was rendered, were not present in Oklahoma and were not domiciled in Oklahoma. On those material dates the children were residents of and were present in Texas. Ex Parte Birmingham, 150 Tex. 595, 244 S.W.2d 977 (1952).

In addition to what we have just said, at the time the appellee filed his suit for custody in Oklahoma against the maternal grandmother, Mrs. Clayton, she was the legal custodian of said children under a prior decree of that same Oklahoma court. At the time that custody suit was filed against her by Mr. Newton, and at the time judgment was rendered in that Oklahoma case taking custody from her and awarding it to Mr. Newton, Mrs. Clayton was not a resident of Oklahoma, she was not present in that state, and had not been served with a citation in that Oklahoma case, and had not entered an appearance therein. Since May, 1974, she and the children had all been residents of Texas and present in that state.

The Oklahoma court did not under these circumstances have in personam jurisdiction

over appellant, Mary Clayton, at the time it rendered the decree taking custody of the children from her and awarding such custody to the appellee, father, and for that reason this decree was not entitled to full faith and credit. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1952).

Under the facts of this case, for the reasons above stated, the Oklahoma decree that the trial court gave full faith and credit to, and which was the basis for the decree being appealed from was void. Ex Parte Birmingham, supra.

 Appellant's third point is that the trial court erred in not conducting a hearing or admitting any evidence bearing upon the best interest of the children, when the best interest of the children is paramount in a habeas corpus proceeding involving custody of a child.

We overrule the point.

The record before us simply shows that Mrs. Clayton offered evidence bearing on the fitness of the respective parties to have custody and bearing on the question of what would be for the best interests of the children. The record is not made to show what such evidence was.

The complaint here presented is about the court's action in excluding evidence. The law is settled that an objection to the exclusion of evidence will not be considered on appeal if the record does not show what the excluded evidence would have been. That is the case here. A "spotted dog" case holding as we hold on this point is Shaver v. Shaver, 478 S.W.2d 871 (Waco, Tex.Civ. App., 1972, ref., n. r. e.).

Under these circumstances it is not necessary for us to go into the question of whether or not evidence as to what is for the best interests of the children is still admissible in a case such as the one before us in view of the provisions of Art. 14.10, Title 2, of the Texas Family Code.

We have considered the question of whether we should remand or render judgment in the case.

A reading of appellee's petition shows that he bases his action entirely on the rights that he allegedly acquired under the Oklahoma default judgment which we have held to be void. In view of that we deem it our duty to here render the judgment against appellee in view of the fact that he acquired no rights of custody under that Oklahoma default judgment.

The judgment is reversed and here rendered that the application for writ of habeas corpus filed by appellee is denied.