

# The Attorney General of Texas

November 5, 1981

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James E. Nugent
Chairman
Railroad Commission of Texas
P.O. Box 12967
Austin, Texas 78711

Opinion No. MW-385

Re: Notice of rate change
required by section 43(a) of
article 1446c, V.T.C.S.

Dear Chairman Nugent:

You have requested our opinion concerning whether the Railroad Commission of Texas is empowered to waive the newspaper publication requirements contained in section 43(a) of the Public Utility Regulatory Act, article 1446c, V.T.C.S., [hereinafter Utility Act] and allow a utility to send notice of proposed rate changes requests directly to ratepayers through bill inserts or to otherwise give actual notice to a utility ratepayer.

Statutes regulating notice that contain liberal construction provisions, see section 89 of the Utility Act, are to be construed in favor of the person or persons to whom notice is to be given. United Benefit Fire Insurance Co. v. Metropolitan Plumbing Co., 363 S.W.2d 843 (Tex. Civ. App. - El Paso 1962, no writ); Phinney v. Langdeau, 337 S.W.2d 393 (Tex. Civ. App. - Austin 1960, writ ref'd. n.r.e.). If the statute prescribes the method by which notice must be given, that method must be followed with reasonable strictness. Rotello v. Brazos County Water Control and Improvement District Number One, 574 S.W.2d 208 (Tex. Civ. App. - Houston [1st Dist.] 1978), rev'd on other grounds, 598 S.W.2d 227 (Tex. 1980); Clayton v. Newton, 524 S.W.2d 368 (Tex. Civ. App. - Ft. Worth 1975, no writ); see Johnson Service Co. v. Climate Control Contractors, Inc., 478 S.W.2d 643 (Tex. Civ. App. - Austin 1972, no writ). The language contained in section 43(a) of the Utility Act addressing the notice a utility must give when it intends to change its rates is mandatory, not discretionary: "...notice shall be given by publication in conspicuous form and place of a notice to the public of such proposed change once in each week for four successive weeks in a newspaper having general circulation in each county containing territory affected by the proposed change...." (Emphasis added). Pursuant to the above cited rule of construction concerning statutory notice provisions, it is our opinion that the statute does not grant the commission the discretion to provide for a substitute method of notice. Of course, the commission may permit additional notice by billing inserts.

# S U M M A R Y

Section 43(a) of the Public Utility Regulatory Act, article 1446c, V.T.C.S., governing notice of proposed rate changes is mandatory.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Martha Terry
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Martha Terry