ACCEPTED
04-15-00563-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/7/2015 3:24:30 PM
KEITH HOTTLE
CLERK

**04-15-00563-CV**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/7/2015 3:24:30 PM
KEITH E. HOTTLE
Clerk

# IN THE TEXAS COURT OF APPEALS FOR THE FOURTH DISTRICT SITTING IN SAN ANTONIO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## HOLLY RIDGE UNITED HEALTHCARE, P.A., Appellant

### vs.

## UNITED BIOLOGICS, LLC d/b/a UNITED ALLERGY SERVICES, Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Appellant's Brief

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WILLIAM M. NICHOLS, P.C.
William M. Nichols
State Bar No. 15006800
McAllister Plaza, suite 1250
9601 McAllister Freeway
San Antonio, Texas 78216-5150
Telephone: 210/340-8880
Facsimile: 210/340-8885
william@wmnlawsa.com
ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

## IDENTITIES OF ALL PARTIES AND THEIR COUNSEL

Counsel for Appellant Holly Ridge United Healthcare, P.A.:

WILLIAM M. NICHOLS, P.C.
William M. Nichols
McAllister Plaza, suite 1250
9601 McAllister Freeway
San Antonio, Texas 78216-5150
Telephone: 210/340-8880
Facsimile: 210/340-8885
william@wmnlawsa.com

Counsel for Appellee United Biologics, LLC d/b/a United Allergy Services:

LAW OFFICES OF JOHN HENRY, P.C.
John P. Henry
407 West Liberty Street
Round Rock, Texas 78664
Telephone: 512/981-7301
Facsimile: 888/909-9312
jhenry@jhenrylaw.com

Trial Judge:

Hon. Jason Wolff
County Court at Law Number 2
300 Dolorosa Street
San Antonio, Texas 78205

# TABLE OF CONTENTS

IDENTITIES OF ALL PARTIES AND THEIR COUNSEL ..................................ii

TABLE OF CONTENTS ...................................................................................iii

INDEX OF AUTHORITIES ..............................................................................v

REQUEST FOR ORAL ARGUMENT ................................................................1

STATEMENT OF THE NATURE AND RESULT OF THE CASE .......................1

ISSUES PRESENTED ON APPEAL .................................................................1

STATEMENT OF FACTS ..................................................................................1

ISSUE I (RESTATED) .......................................................................................3

ISSUE I: The post-judgment filings by Appellant, attempting to act *pro se,* did not constitute a motion for new trial so as to extend the time for perfecting appeal

SUMMARY OF ARGUMENT (ISSUE I) ............................................................3

ARGUMENT AND AUTHORITIES (ISSUE I) ....................................................4

ISSUE II (RESTATED) .....................................................................................5

ISSUE II: Failure to comply with the requirements of TEX. R. CIV. P. 108 renders this service of process fatally defective

SUMMARY OF ARGUMENT (ISSUE II) ...........................................................5

ARGUMENT AND AUTHORITIES (ISSUE II) ...................................................5

ISSUE III (RESTATED) ...................................................................................7

ISSUE III:   Failure to comply with the requirements of TEX. R. CIV.
P. 107 renders this service of process fatally defective

SUMMARY OF ARGUMENT (ISSUE III) ......................................................7

ARGUMENT AND AUTHORITIES (ISSUE III) ...............................................7

CONCLUSION ....................................................................................9

PRAYER ...........................................................................................9

CERTIFICATE OF COMPLIANCE ..............................................................10

CERTIFICATE OF SERVICE ....................................................................10

# INDEX OF AUTHORITIES

## Cases

*Doctor V. Pardue,* 186 S.W.3d 4 (Tex. App. - Houston (1st Dist.) 2005, review denied) ...............................................................................................4

*Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319 (Tex. App.- Houston [1st Dist.] 1999, no pet.).....................................................................................................4

*Grapevine Trucking, Inc. v. Shepherd*, 366 S.W.2d 950 (Tex. Civ. App. - Fort Worth, 1963, writ ref. n.r.e.) ................................................................8

*Gutierrez v. Cuellar*, 236 S.W. 497, 499 (Tex. Civ. App.  - San Antonio 1922, no writ) .................................................................................................6

*Johnston v. Johnston*, 575 S.W.2d 610 (Tex. Civ. App. - San Antonio 1978, no writ) .................................................................................................6

*Mercer v. Band*, 454 S.W.2d 833 (Tex. Civ.  App. - Houston [14th Dist.] 1970, no writ) .................................................................................................4

*Primate Construction, Inc. v. Silver*,  884 S.W.2d 151 (Tex. 1994) .......................8

*Tullis v. Scott,* 38 Tex. 537 (1873) ...........................................................................8

*Scucchi v. Woodruff*, 503 S.W.2d 356 (Tex. Civ. App. - Fort Worth 1973, no writ) ...............................................................................................6,7

*Shamrock Oil Co. v . Gulf Coast Natural Gas, Inc.* 68 S.W.3d 737, 739 (Tex.- App. - Houston [14th Dist.] 2001, review denied) ...................................7

*Upham v. Boaz Well Service, Inc.* 357 S.W.2d 411 (Tex. Civ. App. - Fort Worth 1962, no writ) .............................................................................6

*Woodall v. Lansford*, 254 S.W.2d 540 (Tex. Civ. App. - Fort Worth 1953, no writ) ................................................................................................8

**Statutes and Rules**

TEX. R. CIV. P. 99(a) .........................................................................7-8

TEX. R. CIV. P.  107 ...........................................................................1,7

TEX. R. CIV. P.  108 .......................................................................1,5,6

TEX. R. CIV. P 120a(1) ........................................................................2

TEX. R. APP. P. 25.1(d)(7) ..................................................................5

TEX. R. APP. P. 26.1(c) ......................................................................5

TEX. R. APP. P. 30.............................................................................1,5

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument.

## STATEMENT OF THE NATURE AND RESULT OF THE CASE

This is a restricted appeal from a no answer default judgment in which no motion for new trial was filed. *See* TEX. R. APP. P. 30.

## ISSUES PRESENTED ON APPEAL

ISSUE I:     The post-judgment filings by Appellant, attempting to act *pro se*, did not constitute a motion for new trial so as to extend the time for perfecting appeal.

ISSUE II:    Failure to comply with the requirements of TEX. R. CIV. P. 108 renders this service of process fatally defective.

ISSUE III:   Failure to comply with the requirements of TEX. R. CIV. P. 107 renders this service of process fatally defective.

## STATEMENT OF FACTS

This is a suit brought by Appellee against Appellant, a North Carolina corporation, alleging breach of contract .  (CR 5-8)  Suit papers were served upon Appellant's registered agent, James H. Pridgen, M.D. in North Carolina.  (CR 9) The return describes the item served as a "copy of plaintiff's petition."  (CR 9) It makes

no mention of the individual serving being above the age of eighteen or not having an interest in the case. (CR 9)

Dr. Pridgen filed a "Special and Limited Appearance and Motion to Dismiss for Lack of Personal Jurisdiction of Holly Ridge Healthcare, PA by its Registered Agent, Pro Se". (CR 10) This document was not verified. *See* TEX. R. CIV. P 120a(1). In response to Appellee's objections to that special appearance, Dr. Pridgen filed an "Amended Special and Limited Appearance and Motion to Dismiss for Lack of Personal Jurisdiction of Holly Ridge Healthcare, PA by its Registered Agent, Pro Se and Response to Plaintiff's Motion Served on Defendant on February 14, 2015". (CR 62) No answer was filed subject to the Special Appearances. The Amended Special Appearance requested "an additional 60 days to file an answer or in the alternative responsive pleading" in the event the plea to the jurisdiction was overruled. (CR 66)

On February 10, 2015, Appellee set Appellant's Special Appearance for a March 5, 2015 hearing, and served notice of that hearing on Dr. Pridgen by certified mail. (CR 60-1) The trial court signed an Order denying the special appearance. (CR 74)

On April 7, 2015, Appellee filed its Motion for Default Judgment. (CR 75)

It states that Appellant has not filed an answer.  (CR 76) There is no certificate of service indicating service of that pleading on Appellant.  It contains a Certificate of Last Known Address.  (CR 78)

A default judgement was signed on July 9, 2015.  (CR 133-5)  The trial court found that Appellant "did not file an answer or any other pleading constituting an answer."  (CR 135)

On August 10, 2015, Dr. Pridgen filed two more items: "Affidavit in Support of Motion to Set Aside Default Judgment and Order", and "Points and Authorities". (CR 136, 138) However, no motion for new trial or motion to set aside default judgment was filed.  The Points and Authorities cite the court to the Nevada Rules of Civil Procedure.  (CR 138)  Both were signed: "James M. Pridgen, M.D., pro se on behalf of Holly Ridge Healthcare".  (CR 137, 139)

An answer was not filed by an attorney until August 12, 2015.  (CR 145)

## ISSUE I (RESTATED)

ISSUE I:     The post-judgment filings by Appellant, attempting to act *pro se,* did not constitute a motion for new trial so as to extend the time for perfecting appeal.

## SUMMARY OF ARGUMENT (ISSUE I)

The two items filed by Dr. Pridgen following the entry of the default judgment do not constitute a motion for new trial. Therefore, this case is properly brought as a restricted appeal.

## ARGUMENT AND AUTHORITIES (ISSUE I)

The substance of a motion is not determined solely from its caption or introduction, but instead is gleaned from the body of the motion and the prayer for relief. *Doctor V. Pardue,* 186 S.W.3d 4, 16 (Tex. App. - Houston (1st Dist.) 2005, review denied); *Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex. App.- Houston [1st Dist.] 1999, no pet.). "For a new trial motion to have efficacy as such, it must, by the very nature of such an instrument, seek to have an existing judgment set aside and request a relitigation of the issues. An instrument nominally filed under the rules applicable to new trials (Rules 320, 329, Texas Rules of Civil Procedure) must comply with these minimum requirements or it is something other than a motion for new trial." *Mercer v. Band*, 454 S.W.2d 833, 836 (Tex. Civ. App. - Houston [14th Dist.] 1970, n.w.h.).

While Dr. Pridgen filed his Affidavit in Support of Motion to Set Aside Default Judgment and Order, and his Points and Authorities, he filed nothing that was captioned as a motion for new trial. Neither of the items he did file make a request or

prayer for any relief.

Having not participated in the trial court proceedings, either personally or through counsel, and having filed no motion for new trial, the case was properly and timely perfected as a restricted appeal on August 24, 2015. *See* TEX. R. APP. P. 25.1(d)(7); 26.1(c); & 30. (CR 147).[1]

## ISSUE II (RESTATED)

ISSUE II:    Failure to comply with the requirements of TEX. R. CIV. P. 108 renders this service of process fatally defective.

## SUMMARY OF ARGUMENT (ISSUE II)

The officer's return of service on this North Carolina corporation served in North Carolina does not establish that the person serving it was over eighteen years old and had no interest in the case. Therefore, service was fatally defective and the trial court had no jurisdiction over Appellant.

## ARGUMENT AND AUTHORITIES (ISSUE II)

Plaintiff's Original Petition states that Appellant is a North Carolina corporation, with its principal place of business and registered agent in that State.

---

[1] In the event this Court determines that Appellant's post-judgment filings constituted a motion for new trial, their deficiencies notwithstanding, Appellant alternatively perfected this appeal in a timely fashion. (CR 147) The issues before this Court relating to effectiveness of service are identical.

(CR 5) The Citation and Return confirm that the registered agent was served there.

(CR 9) As such, service of process must be accomplished under Rule 108 of the Texas Rules of Civil Procedure, which provides in pertinent part:

> "Where the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; and such notice may be served by any disinterested person who is not less than eighteen years of age, in the same manner as provided in Rule 106 hereof. The return of service in such cases shall be completed in accordance with Rule 107."

TEX. R. CIV. P. 108.

The Officer's Return lacks any mention that the service was made "by [a] disinterested person who is not less than eighteen years of age." When citation is directed to a non-resident defendant, it is mandatory that the return of the person making service upon that defendant show that he is in no manner interested in the cause in question, and a return of citation lacking such is "fatally defective." *Scucchi v. Woodruff*, 503 S.W.2d 356, 358-9 (Tex. Civ. App. - Fort Worth 1973, no writ); *Upham v. Boaz Well Service, Inc.* 357 S.W.2d 411, 418 (Tex. Civ. App. - Fort Worth 1962, no writ). *See Johnston v. Johnston,* 575 S.W.2d 610, 612 (Tex. Civ. App. - San Antonio 1978, no writ).

"It is well settled that [rules] prescribing the essentials of a citation are mandatory and must be strictly construed, and that, unless the citation be in

substantial compliance with these statutory requirements, it will not support a judgment by default." *Gutierrez v. Cuellar*, 236 S.W. 497, 499 (Tex. Civ. App. - San Antonio 1922, n.w.h.). Being fatally defective, this citation will not support this default judgment. *Scucchi v. Woodruff, supra.*

## ISSUE III (RESTATED)

ISSUE II:    Failure to comply with the requirements of TEX. R. CIV. P. 107 renders this service of process fatally defective.

## SUMMARY OF ARGUMENT (ISSUE III)

Citation is further defective because the Officer's Return does not correctly describe the items served.

## ARGUMENT AND AUTHORITIES (ISSUE III)

Rule 107 requires that the return must include "a description of what was served...." TEX. R. CIV. P 107(b)(3). In the instant case, what the return describes is a "copy of plaintiff's petition." (CR 9) However, the court's file shows that the document filed was "Plaintiff's Original Petition & Request for Disclosure." (CR 5)

Although Rule 107 does not expressly require the return of service to list documents served with the citation, unless it does so it is impossible to tell if there has been compliance with the service rules. *Shamrock Oil Co. v. Gulf Coast Natural*

*Gas, Inc.* 68 S.W.3d 737, 739 (Tex.- App. - Houston [14th Dist.] 2001, review denied). "Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party." TEX. R. CIV. P. 99(a). It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished. *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). In that case -- in which a default judgment was reversed because the citation, as here, incorrectly described the document served upon defendants -- the Court explained: "This responsibility extends to seeing that service is properly reflected in the record. The Rules of Civil Procedure allow for liberal amendment of the return of service to show the true facts of service. [Citation omitted.] If the facts as recited in the sheriff's return, pre-printed or otherwise, are incorrect and do not show proper service, the one requesting service must amend the return prior to judgment." *Id*. No such amendments appear in this record.

Few holdings are as well established in Texas jurisprudence as this: No presumptions will be indulged to aid a return on a citation in order to support a judgment by default. *E.g., Tullis v. Scott,* 38 Tex. 537, 542 (1873); *Woodall v. Lansford*, 254 S.W.2d 540, 543 (Tex. Civ. App. - Fort Worth 1953, n.w.h.); *Grapevine Trucking, Inc. v. Shepherd*, 366 S.W.2d 950, 952 (Tex. Civ. App. - Fort

Worth, 1963, ref., n.r.e.).   Since compliance is not shown on its face, the default

judgment cannot stand.

## CONCLUSION

Appellant has properly presented to this Court as a restricted appeal two bases

for reversal resulting from fatally defective service.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court

reverse the judgment of the trial court and remand the case to that court; tax all costs

over and against Appellee; and for all further relief, at law or in equity, to which it

may show itself justly entitled.

Respectfully submitted,

WILLIAM M. NICHOLS, P.C.
McAllister Plaza, Suite 1250
9601 McAllister Freeway
San Antonio, Texas 78216-5150
Telephone: 210/340-8880
Facsimile: 210/340-8885
william@wmnlawsa.com


By: ___*/s/ William M. Nichols*_____
William M. Nichols
State Bar No. 15006800
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I certify that according to the word count of the WordPerfect program used to create this brief the total number of words contained in pages 1 through 9, beginning with the Statement of Facts on page 1, through the Prayer on page 9 is 8836.

*/s/ William M. Nichols*
William M. Nichols

## CERTIFICATE OF SERVICE

I, William M. Nichols, do certify that a true and correct copy of the foregoing pleading was sent by email to Mr. John P. Henry, Law offices of John Henry, P.C., 407 West Liberty Street, Round Rock, Texas 78664 (jhenry@jhenrylaw.com) on this 7th day of October, 2015.

*/s/ William M. Nichols*
William M. Nichols